IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

OTIS ANDERSON,

    Plaintiff,

v.                                                    CASE NO. 1:19-cv-153-AW-GRJ

JOHN A GUYTON,

    Defendant.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff initiated this case on August 5, 2019, by filing a Complaint, ECF No. 1, and a motion for leave to proceed *in forma pauperis,* ECF No. 2. Plaintiff's IFP motion is deficient because Plaintiff failed to submit a Prisoner Consent and Financial Certificate, together with a certified copy of his inmate account statement for the six-month period preceding the filing of the Complaint (February 5, 2019, to August 5, 2019). The Court ordered Plaintiff to correct the deficiency by September 9, 2019. ECF No. 4. That deadline was extended to September 28, 2019, on Plaintiff's motion because he had been transferred to a different facility. ECF No. 7. The deadline was extended again to October 14, 2019, based upon Plaintiff's representation that he was having difficulty obtaining his inmate account statements. ECF No. 10. Plaintiff was warned that no further extensions of time would be granted. *Id.*

This case is now before the Court on ECF Nos. 11 and 12, an incomplete IFP motion and a motion for an additional 45-day extension of time to submit a completed Prisoner Consent and Financial Certificate and the relevant inmate account statements.  Plaintiff represents that he is continuing efforts to obtain his inmate account statements in support of his IFP motion.  ECF No. 12.

Plaintiff has not shown good cause for extending the deadline to comply.  Pursuant to the Prison Litigation Reform Act, a prisoner seeking to bring a civil action *in forma pauperis* is required to submit account statements for the 6-month period immediately preceding the filing of the complaint, and such account statements must be "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. §1915(a)(2).  Pursuant to N.D. Fla. Loc. R. 5.1(H), "[a] civil action shall not be filed by the clerk until the fee is paid . . . unless the complaint or petition is accompanied by a motion for leave to proceed *in forma pauperis* [IFP]."

Jails and prisons routinely provide account information to inmates who are filing court cases.  The Court is not persuaded that Plaintiff could not have obtained the necessary information before filing this case or that he could not have obtained the account statements within the extensions of time already provided.

Accordingly, the Court finds that this case should be dismissed without prejudice to Plaintiff re-filing his Complaint at such time as he has the necessary account information to satisfy the PLRA's fee provision.

Upon review of the Complaint, the Court does not find that Plaintiff will be prejudiced by dismissal of this case.  The Complaint does not concern any emergent condition relating to Plaintiff's confinement, but rather concerns the circumstances of Plaintiff's arrest in February 2019. To the extent that Plaintiff contends the circumstances of his arrest invalidate his conviction, such a claim would be barred by *Heck v. Humphrey,* 512 U.S. 477 (1994), which prevents state prisoners from pursuing § 1983 actions that, if successful, would necessarily imply the invalidity of a conviction.  In addition, a civil rights action is not the proper vehicle for challenging the state court process that concluded with Plaintiff's conviction and sentence.  "[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . .  his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Accordingly, it is **ORDERED** that Plaintiff's IFP motions and motion for extension of time, ECF Nos. 2, 11, and 12, are **DENIED.**

It is respectfully **RECOMMENDED** that this case be **DISMISSED**

**WITHOUT PREJUDICE** for failure to comply with an order of the Court.

**IN CHAMBERS** this 10th day of October 2019.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.